UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x
THE SIAM COMMERCIAL BANK PUBLIC COMPANY :
LIMITED, :
 :
 Plaintiff, :
 -against- : 04 Civ. 10319 (AKH)
 :
BEL-AIRE KNITWORKS, INC., DAISY HUANG, :
JAMES HUANG, KENNETH HUANG, et al., :
 : **ORDER CONFIRMING**
 Defendants. : **ATTACHMENT, DISMISSING**
---------------------------------------------------------------------------x **COUNTERCLAIM, DENYING**
THE SIAM COMMERCIAL BANK PUBLIC COMPANY : **DISQUALIFICATION, AND**
LIMITED, : **DENYING INTERVENTION**
 :
 Plaintiff, :
 :
 -against- : 05 Civ. 5551 (AKH)
 :
DAISY HUANG, KENNETH HUANG, :
PLATINUM STAR ENTERPRISES LLC, et al., :
 :
 Defendants. :
---------------------------------------------------------------------------x
DAISY HUANG, PLATINUM STAR ENTERPRISES :
LLC, :
 :
 Plaintiffs, :
 :
 -against- : 06 Civ. 1991 (AKH)
 :
THE SIAM COMMERCIAL BANK PUBLIC COMPANY :
LIMITED, :
 :
 Defendant. :
---------------------------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   Three related actions have been brought arising out of a number of loans, mortgages and guarantees.

**I.  The 2004 Lawsuit**

   In the first action, 04 Civ. 10319 (AKH), filed December 30, 2004, Plaintiff The Siam Commercial Bank Public Company Limited ("Siam") alleged that Defendant Bel Aire Knitworks, Inc.

("Bel Aire") had failed to make payment on the outstanding $250,000 in principal and over $36,000 in accrued and unpaid interest due under a revolving credit note in the original principal amount of $10 million. Siam further alleged that Defendants Daisy Huang, Kenneth Huang, and James Huang tendered guarantees to Plaintiff Siam for the original note, and Defendant James Huang tendered a mortgage as security, and that they had refused to make good on the guarantees. The parties reached a settlement pursuant to which Defendant James Huang would pay to Plaintiff Siam $250,000 in principal, plus accrued and unpaid interest, plus collection costs to be determined by the court (Order dated Nov. 1, 2005, 04 Civ. 10319). Plaintiff Siam then obtained a judgment against the Defendants for collection costs in the amount of $134,795.50 in attorneys' fees and $6,229.15 in disbursements. (Order dated February 17, 2006, Judgment dated February 17, 2006, 04 Civ. 10319). Defendants filed a notice of appeal of the judgment to the United States Court of Appeals for the Second Circuit on March 15, 2006.

## II.     The 2005 Lawsuit

In the second action, 05 Civ. 5551 (AKH), filed June 14, 2005, Plaintiff Siam alleged that $1,975,000 was past due on a two million dollar note made in favor of Siam by Platinum Star, plus accrued interest of $486,328.24, and expenses of collection. Plaintiff alleged that Kenneth Huang's and Daisy Huang's guarantees of the note were also defaulted, and that a third mortgage given by Daisy Huang on her penthouse apartment at 422 East 72nd Street, securing up to $800,000 of the debt, was subject to foreclosure. The in the second action parties stipulated that Defendants would not oppose Plaintiff's motions for summary judgment, for default judgment, for appointment of a referee, and to amend the caption (Stipulation and Order dated November 5, 2005, 05 Civ. 5551). I granted summary judgment to the plaintiff and against the defendants, and ordered foreclosure of Daisy Huang's apartment (Order dated December 8, 2005, 05 Civ. 5551). I adopted the Report of the Referee without modification (Order dated March 21, 2005, 05 Civ. 5551), and a judgment of foreclosure and sale was entered (Judgment dated April 10, 2005, 05 Civ. 5551). Foreclosure is

proceeding, and plaintiff states that it expects to recover $800,000, the full amount of the security, from the forthcoming sale. This leaves $1,175,000 of principal on the Platinum Star note, and interest (said to be $536,197.76 to January 11, 2005) and costs of collection remaining outstanding.

A.    *Motion for Confirmation of Attachment*

I granted, ex parte, a motion for attachment against the property of Kenneth Huang, a non-domiciliary who is said to reside in Illinois and to lack assets sufficient to pay his judgment debt, and because a sale by him of his condominium apartment, unit 11F, 155 West 70th Street, appeared imminent (Order dated February 23, 2006, 05 Civ. 5551). Clearly, plaintiff Siam is entitled to the attachment, the grounds in Article 62 of the New York Civil Practice Laws and Rules having been satisfied. Clearly, as well, plaintiff has shown the need for continuing the levy, since there appear to be no other resources available to pay the Platinum Star defaulted debt. Plaintiff has succeeded on the merits, summary judgment having been entered in its favor. Accordingly, I order that the attachment is confirmed.

B.    *Motion to Intervene*

James Huang filed a motion to intervene. He alleges that he has an interest in the attached apartment of his brother, Kenneth Huang, which will be affected by the lawsuit. James alleges that originally, on March 22, 1990, he purchased the apartment, that a few months later he gave a second mortgage to Siam to secure its loans to his family, and that thereafter he sold a half interest in the apartment to his brother, Kenneth. James alleges that Kenneth did not pay maintenance, forcing James to pay for Kenneth's benefit, and that Kenneth's interest should be equitably charged in favor of James.

Kenneth Huang's motion to intervene is denied. Whatever the rights and obligations between the brothers Huang, they are subordinate to the interests of Siam. James Huang can assert any interest that he has in relation to his brother in separate action against his brother. The intervention of

3

James Huang is not necessary to allow complete relief to be given as between Siam and Kenneth Huang and will complicate this already unduly complicated set of lawsuits, and prejudice Siam.

Accordingly, I deny James Huang's motion to intervene.

## III. The 2006 Lawsuit

The third action, 06 Civ. 1991 (AKH), was removed to federal court March 14, 2006. Plaintiffs Daisy Huang and Platinum Star allege a twenty-year success story through the Huangs' company, Bel-Aire Knitwork, Inc., and a twenty-year banking relationship with Siam. Platinum Star and Huang allege that one Eric Chan, alleged to be a representative of Siam in its Hong Kong branch, induced Daisy Huang to invest $2 million in a mutual fund in 1992, without supporting papers or documentation. In 2000, it was announced that the investment had been unsuccessful, resulting in a loss to plaintiffs Huang and Platinum Star of over $1.5 million, with a final value of $450,000. This investment loss coincided with financial difficulty for the Huangs' business, Bel Aire. Siam refused to extend more credit to the Huangs and their business in mid-2001, stating that it was winding down its New York business and, soon thereafter, Siam terminated its banking business in the United States in 2002. The loan defaults and the foreclosures, both described above, followed, leading to other business problems for the Huangs. On the basis of these factual allegations, the complaint alleges causes of action for lender liability, contractual bad faith, breach of contract, and negligent representations/constructive fraud, and alleges damages of $7 million compensatory damages and $15 million punitive damages.

### A. *Motion to Dismiss*

Defendant Siam filed a motion to dismiss March 21, 2006. The motion is well based, and shows the complaint to be without merit – a stratagem to avoid unpleasant facts, intended to put off the day of judgment.

I note first that the claims asserted by Plaintiffs Daisy Huang and Platinum Star in the third action are afterthoughts, not real claims. The claims stated in the third action "arise[] out of the

4

transaction[s] . . . that [are] the subject matter" of the first and second actions. Fed. R. Civ. P. 13(a). They should have been asserted as counterclaims and defenses to the first and second actions, and can not properly be pled in a subsequent action. Huang argues that agreements into which she had entered foreclosed her from raising counterclaims in a foreclosure lawsuit. But such agreements, even if they were to exist and to be enforceable, do not relieve her of her obligations under the Federal Rules of Civil Procedure to raise all pertinent claims at the outset.

Moreover, there is no legal merit to the claims alleged in the third complaint. A claim of lender's liability is not stated, since the allegations show nothing more than a typical lender-creditor relationship. No assumption of actual, participatory and total control, as required by the instrumentality doctrine, is shown. Fisser v. Int'l Bank, 282 F.2d 231, 238 (2d Cir.1960); Nat'l Westminster Bank USA v. Century Healthcare Corp., 885 F. Supp. 601, 603 (S.D.N.Y. 1995); In re KDI Holdings, Inc., 277 B.R. 493, 515-516 (Bankr. S.D.N.Y. 1999). Alleged statements that loans will be renewed as needed that contradict the explicit terms of a loan agreement cannot be made the basis of a claim of lender's liability or breach of contract.

Nor is there a legally sufficient claim for contractual bad faith. A claim of bad faith and unfair dealing does not exist in New York if there is compliance with the terms and conditions of the underlying contract, and the complaint fails to show any such non-compliance or breach. Village on Canon v. Bankers Trust Co., 920 F. Supp. 520, 534 (SDNY 1996); Silvester v. Time Warner, 763 N.Y.S.2d 912, 918 (Sup. Ct. 2003).

Plaintiff Daisy Huang's claim that she was fraudulently induced to invest in an offshore mutual fund, said to have occurred in 1992, is well outside New York's six-year statute of limitations, N.Y. CPLR § 213(8), even if, improbably, it could be charged to Siam. And there is nothing to Huangs' claim for negligent misrepresentation/constructive fraud outside of the lenders' liability and breach of contract claims otherwise stated.

5

Accordingly, I order that the complaint in 06 Civ. 1991 be dismissed. Since nothing has been shown to me to suggest that any re-pleading will overcome the insufficiencies that I have noted, the dismissal is final.

B.     *Motion to Disqualify*

Plaintiff Daisy Huang cross-moves to disqualify defense attorney Edward M. Fox and his law firm, Kirkpatrick & Lockhart. The basis of the motion is that Fox, while representing Siam in the loan transactions out of which these lawsuits arise, is alleged to have cause Daisy Huang to trust him to such a degree that she did not retain her own lawyer. Ms. Huang states in her affidavit that Fox failed to advise her to engage her own lawyer, and did not advise her of "certain crucial language in the documents I signed." In the words of her lawyer:

> Ms. Huang did not retain independent counsel to represent her or to review loan and mortgage documents. Instead, she believed and assumed that SCB's attorney, Edward M. Fox, Esq. – the same attorney who is now representing SCB in this action – was representing her interests as well, particularly since she, and not SCB, paid his legal bills.

The claim is not credible. Daisy Huang managed a business in the United States for over twenty years, engaged in a multi-million dollar revolving credit arrangement, and became an important and valuable customer to the K-Mart stores. Her appeal to naivety is not convincing. She cannot blame her neglect to engage her own lawyer on the bank or its lawyer. That a borrower is required to pay a lender's costs, including the fees and expenses of the lender's lawyer, is a normal incident in banking, and does not enlarge or shirt normal attorney-client relationships.

Accordingly, I deny the cross motion of Platinum Star and Daisy Huang to disqualify Edward M. Fox or Kirkpatrick & Lockhart.

## IV. Conclusion

Finally, I note the limited issues left before me: nothing, pending the Court of Appeals' review on 04 Civ 10319; nothing on 06 Civ 1991; and only the issue of foreclosure on 05 Civ 5551. The Clerk shall make sure that the files on 04 Civ. 10319 and 06 Civ. 1991 are closed.

So ordered.

Date: New York, New York
June ___, 2006

Alvin K. Hellerstein, USDJ